

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00497-CV

———————————————

IN RE THE COMMITMENT OF RYAN BRADLEY SHIELD

---

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CV23-0947

---

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

In a single issue, Appellant Ryan Bradley Shield appeals from a judgment concluding that he is a sexually violent predator and ordering his supervision and treatment pursuant to the provisions of Chapter 841 of the Texas Health and Safety Code. The matter was tried to a jury. Appellant contends that the trial court erred by failing to submit his proposed instruction that would have required the jury to presume that he is not a sexually violent predator. Appellant is attempting to import a presumption applicable to a criminal proceeding into this civil proceeding; case law holds that the presumption is not applicable to a civil sexually violent predator proceeding. Further, because the trial court's jury charge required the State to prove its case beyond a reasonable doubt, the instruction sought by Appellant was not needed. We therefore affirm the trial court's judgment.

In broad strokes, the following describes a proceeding under Chapter 841 of the Health and Safety Code:

> The Civil Commitment of Sexually Violent Predators [SVP] Act [found in Chapter 841 of the Health and Safety Code] applies to offenders who committed certain enumerated sexually violent offenses, are repeat offenders, and suffer from a behavioral abnormality that makes them likely to engage in a predatory act of sexual violence; in other words, the Act requires evidence of both repeat past sexually violent behavior and a present condition that creates a likelihood of such conduct in the future. The Act sets forth procedures for the civil commitment of sexually violent persons, specifically, their long-term supervision and treatment on completion of their criminal sentences. Under the Act, commitment proceedings are civil rather than criminal[,] and civil commitment is a supplement, not an alternative, to a prison sentence.

58 Tex. Jur. 3d *Penal and Correctional Institutions* § 34 (Apr. 2025 Update) (footnotes omitted). As the quote notes, a commitment proceeding is civil in nature, but it is unique for a civil proceeding in that the State must prove that a person is a sexually violent predator beyond a reasonable doubt—the burden of proof applicable to criminal proceedings. Tex. Health & Safety Code Ann. §§ 841.062(a), .146(b), *see also In re Commitment of Stoddard*, 619 S.W.3d 665, 674 (Tex. 2020) ("A commitment proceeding under the SVP Act is the unusual civil case incorporating the 'beyond a reasonable doubt' burden of proof typically reserved for criminal cases.").

The narrow challenge raised by Appellant makes it unnecessary to catalog the evidence adduced at trial. Instead, we will focus on the court's charge and the instruction sought by Appellant. The trial court instructed the jury that the State was required to carry the following burden of proof:

> 6. The burden of proof in this case rests upon the State throughout the trial and never shifts to [Appellant]. The State has the burden of proving that the [Appellant] is a sexually violent predator[,] and it must do so by proving this beyond a reasonable doubt. It is not required that the State prove this beyond all possible doubt. It is required that the State's proof excludes all reasonable doubt concerning whether or not [Appellant] is a sexually violent predator.
>
> In the event you have a reasonable doubt as to whether or not [Appellant] is a sexually violent predator after considering all the evidence before you and these instructions, you will say by your verdict that [Appellant] is not a sexually violent predator.

The only question answered by the jury reiterated the burden of proof: "Do you find beyond a reasonable doubt that RYAN BRADLEY SHIELD is a sexually violent

3

predator? Appellant requested that the charge be augmented with the following instruction: "Ryan Bradley Shield[] is presumed not to be a sexually violent predator. The allegation by the State that [Appellant] is a sexually violent predator creates no inference that he is a sexually violent predator at this trial." The trial court denied the requested instruction.

We review a trial court's refusal to submit a jury instruction for an abuse of discretion. *Thota v. Young*, 366 S.W.3d 678, 687 (Tex. 2012); *see, e.g.*, *In re Commitment of Williams*, 539 S.W.3d 429, 444–46 (Tex. App.—Houston [1st Dist.] 2017, no pet.). "A trial court may refuse to give a requested instruction or definition that is not necessary to enable the jury to render a verdict, even if the instruction or definition is a correct statement of the law." *In re Commitment of Stuteville*, 463 S.W.3d 543, 554 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). A judgment should not be reversed for charge error unless the error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting his case on appeal. *See* Tex. R. App. P. 44.1(a); *Thota*, 366 S.W.3d at 687; *Williams*, 539 S.W.3d at 444.

Appellant cites no authority creating the presumption that he advocates or mandating that the trial court submit the instruction that he proposed. Instead, he argues by analogy that "[i]f a presumption instruction is good enough for a criminal defendant exposed to a potential life sentence in prison, it seems good enough for a civil[-]commitment respondent exposed to a potential life commitment in a lock-

down 'treatment' center." That is an arguable proposition but not one of constitutional dimension nor legislatively mandated, as are the presumptions that Appellant uses to support his analogy.[1] A subjective view that it is the fair thing to do—e.g., to give a requested instruction—is not a basis to claim an abuse of discretion when the submitted instruction is not given.

Cases from our sister courts hold that it is not error to refuse to submit the instruction that Appellant requested,[2] though they do so on different bases. One rationale is that the proposed instruction is an attempt to import presumptions

---

[1]As the State notes, the presumption of innocence in a criminal case is both statutorily and constitutionally mandated. *See* Tex. Code Crim. Proc. Ann. art. 38.03; *Rogers v. State*, 677 S.W.3d 705, 712 (Tex. Crim. App. 2023). The other presumptions to which Appellant draws an analogy are also mandated by statute. To quote the State's brief,

> [Appellant's] brief lists a number of civil[-]law presumptions, which are all statutory presumptions[:]
>
> - A presumption of mental competency is found in § 576.002(b) of the Texas Health and Safety Code.
>
> - The presumption of death after seven years used to be codified in [Texas Civil Practice and Remedies Code Section 133.001].
>
> - A presumption of legitimacy is created by § 160.204 of the Texas Family Code.
>
> - A presumption that parents should be appointed joint managing conservators of their children is found in § 153.131(b) of the Texas Family Code.

[2]Appellant acknowledges in his brief "that the trend among this [c]ourt's sister courts of appeals does not favor his argument."

mandated in other proceedings into an SVP proceeding when no presumption is mandated:

> [W]e conclude the trial court did not abuse its discretion by refusing the instruction. [Appellant] references presumptions that apply in other contexts—such as the presumption of innocence in criminal pr[oc]eedings or the presumptions of competency, legitimacy, and best interest of children in civil proceedings—but cites no legal authority that the respondent in a civil-commitment proceeding is entitled to a presumption that he is not a sexually violent predator. The authority we found is to the contrary. *See In re Commitment of Pearson*, No. 07-23-00208-CV, 2023 WL 8248052, at *1 (Tex. App.—Amarillo[] Nov. 28, 2023, no pet.) (mem. op.) ("The instruction requested by [the respondent] is not mandated by statute or by caselaw. Nothing in the SVP Act creates a presumption for either the State or the respondent in such proceedings.").

*In re Commitment of Jarvis*, No. 01-23-00555-CV, 2025 WL 594620, at *2 (Tex. App.—Houston [1st Dist.] Feb. 25, 2025, no pet.) (mem. op.). Simply, a trial court does not abuse its discretion by refusing an instruction that the jury apply a presumption mandated solely by Appellant's concept of fairness but not by the law.

Opinions from the Fourteenth Court of Appeals offer a different rationale: an instruction stating that the burden carried by the State is sufficient, and a trial court does not abuse its discretion by refusing to give an additional instruction such as that requested by Appellant that reiterates the same concept. For example, one court held that

> [t]hese instructions [on the burden of proof] provided the jury with substantially the same information as that requested by [appellant's] instruction [to presume that he was not a sexual predator]: that the State must prove each element of its case beyond a reasonable doubt[,] and[] if it cannot, the jury cannot find that [appellant] is a sexually violent

6

predator. Therefore, the trial court did not abuse its discretion by denying [appellant's] requested instruction.

*In re Commitment of Mueller*, No. 14-23-00044-CV, 2023 WL 8943743, at *11 (Tex. App.—Houston [14th Dist.] Dec. 28, 2023, pet. denied) (mem. op.); *see In re Commitment of Bryant*, No. 14-23-00642-CV, 2024 WL 3665406, at *7–8 (Tex. App.—Houston [14th Dist.] Aug. 6, 2024, no pet.) (mem. op.) (same); *In re Commitment of Tull*, No. 14-23-00382-CV, 2024 WL 3342451, at *4–5 (Tex. App.—Houston [14th Dist.] July 9, 2024, pet. denied) (mem. op.) (same).

We hold that the trial court's refusal to include Appellant's proposed instruction in the jury charge was not an abuse of discretion. We therefore overrule Appellant's sole issue and affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: May 1, 2025